UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANITA BRYANT FARQUHARSON,

    Petitioner,

v.                                    Case No. 3:05-cv-1075-J-12HTS
                                              3:88-cr-215-J-12

UNITED STATES OF AMERICA,

    Respondent.

---

## O R D E R

This cause is before the Court on the Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to §2255(3)" (Civ. Doc. 1, Crim Doc.1735), filed October 17, 2005. The Respondent's motion to dismiss (Civ. Doc.6) was filed on December 1, 2005. The Petitioner filed a response (Civ. Doc.7) to the Respondent's motion on December 21, 2005.

The Petitioner asserts that the United States Supreme Court cases of United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004) are new rules of constitutional law made retroactive to cases on collateral review. As a result, she claims that she is due to be re-sentenced in accordance with those cases.

The Court must grant the Respondent's motion to dismiss and dismiss the Petitioner's § 2255 motion without prejudice. The Court is without jurisdiction to consider it inasmuch as it is a successive motion[1] filed without first obtaining permission from the

---

[1] This is the Defendant's third § 2255 motion. See Crim. Docs. 1317, 1232, 1418 and 1448.

Eleventh Circuit Court of Appeal.  Moreover, the Eleventh Circuit has held that <u>Booker</u> and <u>Blakely</u> do not qualify as new rules of constitutional law for §2255 purposes because the Supreme Court has not made them retroactively available on collateral review.  <u>In re Anderson</u>, 396 F.3d 1336, 1339 (11th Cir.2005)(addressing <u>Booker</u>), <u>In re Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004)(addressing <u>Blakely</u>).   Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That the Respondent's motion to dismiss (Civ. Doc.6) is granted;

2. That the Petitioner's third § 2255 motion (Civ.Doc. 1, Crim.Doc.1735) is dismissed without prejudice for failure to obtain permission from the Eleventh Circuit Court of Appeals, the civil case is dismissed without prejudice, and the Clerk is directed to enter judgment, close the civil case, and terminate the criminal motion.

**DONE AND ORDERED** this __11TH__ day of January 2006.

                                                            Howell W. Melton
                                         **SENIOR UNITED STATES DISTRICT JUDGE**

Copies to:
    AUSA (Ronca)
    Petitioner